**Below is an Opinion of the Court.**

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 305-47061-tmb7 |
| JOHN ANDREW HILL, | ) MEMORANDUM OPINION |
| Debtor. | ) |

This matter came before the court on the Trustee's Motion to compel turnover of funds held by Debtor John A. Hill's bankruptcy counsel, Shawn P. Ryan (hereinafter "Mr. Ryan"). Both Mr. Ryan and the Trustee, Rodolfo Camacho, appeared pro se.

Following an initial hearing on this matter I set a briefing schedule and took the matter under advisement. At my request, the parties thereafter submitted additional materials, including copies of the billing statements, the fee agreement, and briefs. I have reviewed my notes, and the pleadings and other submissions in the file. I also have read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the oral arguments presented and have read counsels' submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 9014.

### FACTS

The facts are undisputed. Debtor paid Mr. Ryan a retainer of $5,000 and signed a written fee

Page 1 - MEMORANDUM OPINION

agreement. Mr. Ryan deposited that sum into his client trust account. Mr. Ryan paid himself $2,115.15 for prepetition bankruptcy services provided to the Debtor and paid the Chapter 7 filing fee of $209.00 from the funds in his client trust account.

The case was filed on October 13, 2005. The Statement Pursuant to Rule 2016(B) reflects that "[t]he unpaid balance due and payable" to Mr. Ryan was "0.00." The Rule 2016 statement also stated:

> "6. The source of payments to be made by debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
> Gifts, loans, tax refunds, and cash retainer of $2,675.85."

Debtor scheduled the $2,676.00 balance of the retainer on Schedule B. On May 4, 2006, the Trustee filed a motion seeking turn over of the funds held in Mr. Ryan's trust account at the time of the filing of the petition. Mr. Ryan objected to the motion.

At the time of the Turnover Order, Mr. Ryan had incurred post petition fees of $688.50 and expenses of $19.57 for a total of $708.07. The remainder of his fees appear to be related to the issue of whether the Turnover Order is valid.

## ISSUE

Whether the United States Supreme Court's decision in <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004) overruled the result reached in <u>In re Century Cleaning Services, Inc.</u>, 202 B.R. 149 (Bankr. Or. 1996) ("Century I"), which allowed the attorney for the Chapter 7 debtor to assert a lien against a prepetition retainer held by him in his trust account for potential postpetition services.

## DISCUSSION

The Trustee contends that the funds held by Mr. Ryan are property of the estate and must be turned over to him. Mr. Ryan disagrees. He contends that the "interest retained by Mr. Hill, and, thus, the Trustee, is the contingent right to any refund of the unearned retainer, it is a reversionary interest." (Mem. in Opp'n. to Tr's. Mot. for Turnover of Retainer at 4). Therefore, he argues the balance of the retainer remaining at time of filing did not become property of the estate and is available for payment of his postpetition fees and expenses.

A. <u>The Retainer is Property of the Estate</u>.

Funds paid to an attorney by a client for services "become property of the estate <u>only if</u>, <u>under applicable state law</u>, the debtor has an interest in the [funds] at the time of filing the bankruptcy case." <u>In re GOCO Realty Fund I</u>, 151 B.R. 241, 250 (Bank. N.D. Cal, 1993) (emphasis added).

Oregon law distinguishes between non refundable retainers known as an "earned on receipt" retainers and true retainers. <u>See</u> <u>In re Complaint as to the Conduct of John M. Biggs</u>, 318 Or. 281, 864 P.2d 1310 (1994). In <u>Biggs</u>, the Oregon Supreme Court held that absent "a clear written agreement between a lawyer and a client that fees paid in advance constitute a non-refundable retainer **earned on receipt**, such funds must be considered client property . . . ." <u>Biggs</u> at 293. (emphasis in original). Section 541 of the Bankruptcy Code provides that filing of a bankruptcy petition creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Since no "earned on receipt retainer" exists, the Trustee's position is that funds held in the client trust account are the Debtor's property which the Trustee has a duty to collect.

Mr. Ryan relies upon <u>Redmond v. Lentz & Clark (In re Wagers)</u>, 340 B.R. 391 (Bankr. D. Kan. 2006) for the proposition that the Trustee only has a reversionary interest in the retained funds. In <u>Lentz and Clark</u>, the debtors gave their attorneys a prepetition retainer of $5,000.00. In addition, they gave the firm an assignment of any tax refunds they might be entitled to receive "as deposits for payment of fees to be incurred in representing them in dealing with financial difficulties and, ultimately, filing a Chapter 7 bankruptcy." <u>Id.</u> at 394. At the time of the bankruptcy filing, the attorneys held $2,134 from the initial $5,000 retainer in their client trust account. Post petition the firm received tax refunds totaling $51,660.00. The trustee filed an adversary proceeding to compel turnover of the unused retainer in existence at the time of filing and the funds received from the tax refund arguing that both were property of the debtors' bankruptcy estate. <u>Id.</u> at 394-95.

The debtors' attorneys opposed the motion contending that "because the Debtors assigned the refunds to the Firm before they filed for bankruptcy, the bankruptcy estate's interest in the refunds is limited to a contingent right to receive any balance remaining after the Firm's fees and expenses for representing the

Page 3 - MEMORANDUM OPINION

Debtors in their bankruptcy case are paid from the refunds." Id. at 396-97. The court agreed. It recognized that, generally, "all the tax refunds attributable to money the Debtors had paid to the IRS for tax years ending before their bankruptcy filing and for the tax year in which they filed would constitute property of the estate . . . ." Id. at 401. However, it found that the prepetition assignment of the tax refunds divested the debtors of title to the funds. As a result, it found the debtors retained only "a reversionary interest in the portion, if any, of the tax refunds not needed for their representation." Id. at 402. The court further found that "because the cash was transferred for the same purpose as the tax refunds were assigned and counsel for the Debtor reported to the Court that both the cash and tax refunds constitute the retainer in this case, . . . the cash was likewise an assignment transferring all of Debtors' right, title and interest." Id. at 402.

I am unpersuaded by the reasoning of the Lentz and Clark decision. Under Oregon law, a standard retainer, such as that given to Mr. Ryan, remains the client's until earned by the attorney. Biggs, 318 Or. at 293. At the time of the filing, the Debtor owed no fees to Mr. Ryan. Thus, the Debtor had an absolute right to a refund of those fees. As such, the funds became property of the estate within the meaning of 11 U.S.C. § 541(a)(1) upon the filing of the bankruptcy petition.

B. The Effect of Bankruptcy on the Retainer.

Mr. Ryan contends that if the funds are property of the estate, he holds a valid prepetition security interest in those funds. He further contends that because he holds a security interest in the retained funds he may be paid from those funds consistent with the Supreme Court's Lamie decision.

In Lamie, the Supreme Court held that the Bankruptcy Code contains no authority allowing compensation of a chapter 7 debtor's attorney from estate assets unless the attorney has been appointed in accordance with § 327 of the Code. The Trustee, relying on Lamie, contends that since the funds held by Mr. Ryan constitute estate property, Mr. Ryan may not look to those funds for payment of his postpetition fees and expenses. Again, Mr. Ryan disagrees. Under Oregon law he asserts he holds a valid prepetition security interest in the retainer.

In Century I, 202 B.R. 149 (Bankr. D. Or. 1996), the court addressed the issue of whether a Chapter 7 debtor's attorney could seek payment from a prepetition retainer for services rendered postpetition. In that

Page 4 - MEMORANDUM OPINION

case the debtor retained the firm of Garvey, Schubert & Barer ("Garvey") to represent it in a Chapter 11 bankruptcy filing and paid Garvey a $28,301.84 retainer for "postpetition services and expenses." The debtor subsequently converted to a Chapter 7. Thereafter, Garvey filed an application for compensation for fees and expenses incurred after the conversion in which it sought payment from the prepetition retainer. The United States Trustee ("UST") objected to the application, arguing that the Bankruptcy Code contained no authority authorizing payment of a chapter 7 debtor's attorney's fees from estate assets.

The bankruptcy court, relying on In re Fassinger, 191 B.R. 864 (Bankr. D. Or. 1996) held that § 330 of the Bankruptcy Code "does not authorize an award of a Chapter 7 debtor's postpetition attorney fees from property of the estate" unless the attorney has been appointed in accordance with § 327. Century I at 150. However, it concluded that Garvey could nonetheless look to the retainer for payment of its post conversion fees and expenses because it held a valid lien against that retainer. In doing so it rejected the UST's argument that "there can be no lien for postpetition services until the postpetition services are provided." Id. at 152.

The Century I court began its analysis by noting that the "validity of an attorney's lien in bankruptcy is determined by state law." Id. The court went on to note that "Oregon law recognizes two types of attorney's liens for services, a retaining lien and a charging lien. A retaining lien attaches to papers, money and other personal property of a client that comes into the attorney's hands in the course of employment, and gives the attorney the right to retain that property until the attorney's fees are paid." Id. (citations omitted). Unlike a charging lien, which is effective only upon the filing of a notice of claim of lien, "[t]he retaining lien statute . . . requires only that the attorney be in possession of the property." Id. Because no notice of lien is required to perfect a retaining lien, the court found that such a lien "is effective upon the attorney's possession of the client's money or other property. Because a lien can secure an obligation consisting of a contract for performance of an obligation in the future, it is not necessary that the services have been actually performed before the lien becomes effective." Id. at 152-53 (citations omitted). In conclusion the court held:

"Although section 330 [of the Bankruptcy Code] does not authorize an award of

> compensation to counsel for Chapter 7 debtors, if counsel has a valid attorney's lien on a retainer for payment of postpetition attorney fees, counsel's reasonable postpetition fees and expenses are secured by that retainer. Section 330 does not preclude counsel from looking to its collateral for payment of the debt secured by its lien." Id. at 153.

The UST appealed the bankruptcy court decision to the Ninth Circuit Bankruptcy Appellate Panel which "affirmed the award under the state law lien theory, after concluding, like the bankruptcy court, that Garvey could not be compensated under § 330." United States Trustee v. Garvey, Schubert & Barer, (In re Century Cleaning Servs), 195 F.3d 1053, 1055 (9th Cir. 1999) abrogated by Lamie v. United States Trustee, 540 U.S. 526 (2004) ("Century II"). The UST then appealed to the Ninth Circuit contending that "the Bankruptcy Appellate Panel correctly determined that § 330 precludes compensation to a Chapter 7 debtor's attorney, but that it erred in allowing Garvey compensation pursuant to an attorney's lien under Oregon law." Id. at 1055. In support of its contention the UST argued that "Oregon law does not allow a lien for post-petition services, and that in any event, § 330 preempts Oregon law to the extent that it allows for such a lien in Chapter 7 proceedings." Id. at 1055. The Ninth Circuit concluded that Garvey was "eligible under § 330 for compensation of Chapter 7 post-petition services" and reversed the contrary determination of the Bankruptcy Appellate Panel. Id. at 1061. However, because the Ninth Circuit granted Garvey compensation under § 330, it "need not decide . . . whether he would also be entitled to those fees under Oregon's attorney retaining lien statute . . . ." Id. at 1061.

I believe the Ninth Circuit's Century II opinion as well as the bankruptcy court's initial ruling were abrogated, in part, by the Supreme Court in Lamie v. United States Trustee, 540 U.S. 526 (2004). The Lamie facts are very similar to the case at bar. John Lamie ("Lamie") was retained by Equipment Services, Inc., to represent it in a chapter 11 bankruptcy proceeding. The debtor paid Lamie a $6,000 prepetition retainer. Lamie used $1,000 of the retainer to pay the fees and costs of filing the Chapter 11 petition. He deposited the remaining $5,000 in his trust account "to be drawn upon as [he] earned fees." In re Equipment Services, Inc., 290 F.3d 739, 742 (4th Cir. 2002). Although the retainer agreement was not documented, Lamie advised the court that under his agreement with the debtor any unused fees remaining at the end of the case were to be refunded to the debtor. Id. at 742.

Page 6 - MEMORANDUM OPINION

Equipment Services, Inc's chapter 11 case was subsequently converted to a Chapter 7 on the U.S. Trustee's motion. At the time of conversion the $5,000 retainer was subject to charges of $1,328.85 for post petition fees and expenses, leaving a balance of $3,671.15. Following conversion, Lamie filed an application for fees in the amount of $2,325.00. Of this amount, $1,000 had been earned postconversion. The UST objected to the fees to the extent they included fees for services rendered postconversion, arguing that § 330 of the Code "'makes no provision for counsel of the debtor to be compensated by the estate' in a Chapter 7 proceeding." Id. at 743. The bankruptcy court agreed that "under 11 U.S.C. § 330(a), a debtor's attorney is not authorized to be paid funds from the bankruptcy estate for services rendered after the case is converted to a Chapter 7 proceeding. The court nonetheless awarded Lamie all of his requested fees, in the amount of $2,325, plus $3.85 in costs. Id. The court did so based on its conclusion that the prepetition retainer held by Lamie was property of the bankruptcy estate only to the extent that it exceeded the total fees allowed to the debtor's counsel for all services rendered in the case, including services rendered after the Chapter 7 conversion." Id.

The UST appealed to the district court and Lamie cross appealed. The district court affirmed the bankruptcy court on both the issue of whether § 330 authorizes compensation of a chapter 7 attorney from estate property and the ability of the debtor's attorney to be paid for post petition services from a prepetition retainer stating:

> "In the present case, however, the fee paid to the attorney was not unearned simply because the case was converted to chapter 7. While a chapter 7 debtor's attorney may not be entitled under the Bankruptcy Code to compensation from the estate, the debtor is not prohibited from being represented and until such representation is ended, the debtor--and hence, the debtor's bankruptcy estate--is not entitled to a refund.
>
> Section 329 of the Bankruptcy Code clearly anticipates that pre-petition legal fees will be paid by debtors, and because of the potential for overreaching in such circumstances, gives the bankruptcy court broad power to cancel the agreement or order the return of any excessive payment. This provision, together with the trustee's power to avoid fraudulent transactions, helps insure that debtor's attorneys will only receive proper payments for pre-petition retainers.
>
> For these reasons, I find that the bankruptcy court was correct in allowing the debtor's attorney to receive fees from the pre-petition retainer."

Page 7 - MEMORANDUM OPINION

United States Trustee v. Equip. Servs. (In re Equipment Servs,), 260 B.R. 273, 280 (W.D. Va. 2001) (citations omitted).

The parties cross appealed to the Fourth Circuit which affirmed on the issue of whether the a chapter 7 debtor's counsel can be compensated from estate assets. Equipment Services, 290 F.3d. at 745. However, the Fourth Circuit reversed on the issue of whether Lamie could nonetheless look to his prepetition retainer for payment of his attorney fees. In doing so, the court distinguished between retainers which were held solely as security for payment of future services and those which are paid as a flat fee for future services or to ensure an attorney's availability to represent a client. In the latter cases, the court noted, the "attorney acquires title to the retainer fee at the time he receives it, regardless of whether he thereafter performs legal services for the client." Id. at 746. By contrast, where the retainer is given to ensure payment for future services, then "the retainer so held, less any fees charged against it, constitutes the property of the client." Id. Lamie admitted that the fees at issue were held for the client to ensure payment of his fees. Accordingly, the Fourth Circuit held since Lamie was not authorized to receive payment from the bankruptcy estate for his services as counsel to the chapter 7 debtor, he could not look to his retainer for payment of those fees. Lamie appealed from that decision. Id.

In his appeal to the Supreme Court, "Lamie presented a single question, 'Does 11 U.S.C. § 330(a)(1) authorize a court to award fees to a debtor's attorney.' Notably, Lamie did not challenge the court of appeal's state-law determination that the particular retainer in [his] case was property of the estate rather than the petitioner." Morse v. Ropes & Gray, LLP (In re CK Liquidators), 343 B.R. 376 (D. Mass. 2006). (citations omitted)

The Supreme Court upheld the Fourth Circuit's Equipment Services, Inc. decision. In its opinion the Supreme Court rejected Lamie's argument that precluding compensation of Chapter 7 attorney's fees from estate assets would adversely effect the administration of chapter 7 cases. The Supreme Court found that "[c]ompensation for debtors' attorneys working on Chapter 7 bankruptcies, moreover, is not altogether prohibited ." Lamie at 537. It noted, "[i]t appears to be routine for debtors to pay reasonable fees for legal services before filing for bankruptcy to ensure compliance with statutory requirements." Id. It also noted

Page 8 - MEMORANDUM OPINION

that "[i]n the majority of cases, the debtor's counsel will accept an individual or a joint consumer chapter 7 case only after being paid a retainer that covers the 'standard fee' and the cost of filing the petition." Id.

In this case, it is undisputed that at the time the bankruptcy petition was filed, there was no underlying debt to Mr. Ryan as all the prepetition fees had been deducted from the retainer. Therefore, the retainer became estate funds upon the filing of the petition.

Several courts have addressed the effect of the Lamie court's recognition of the fact that an attorney representing a debtor in a Chapter 7 may have received a prepetition retainer from his client. In In re Channel Master Holdings, Inc., 309 B.R. 855 (Bankr. D. Del. 2004) the court allowed an attorney to apply a prepetition retainer to payment of his postconversion attorney fees noting that "[a]lthough the Supreme Court has held that, after conversion to chapter 7, debtor's counsel's fees may not be paid from the estate, it did acknowledge that those fees may be paid from a retainer received prior to conversion." Id. at 859. By contrast, the Bankruptcy Appellate Panel for the Eighth Circuit refused to allow debtor's attorney to apply a prepetition retainer to attorney fees incurred after conversion to chapter 7 noting "[i]n Lamie v. United States Trustee, the United States Supreme Court held that section 330(a)(1) of the Code does not authorize compensation awards to debtors' attorneys from estate funds, unless such attorneys have been employed by the trustee with approval of the court. [Debtor's attorney] was not so employed by the trustee. The bankruptcy court, thus, did not err when it found that [debtor's attorney] was not entitled to payment of its postpetition fees and expenses from the unapplied portion of the security retainer, or from other assets of the estate." Fiegen Law Firm, P.C. v. Fokkena (In re On-Line Servs. Ltd.), 324 B.R. 342, 347 (8th Cir. BAP 2005).

Most recently the issue was addressed in Morse v. Ropes & Gray, LLP, (In re CK Liquidation Corp.), 343 B.R. 376 (D. Mass. 2006). In Morse, the debtor paid its attorneys a $100,000 retainer for services relating to the debtor's obligations to creditors, including preparation for a possible chapter 11 filing and sale of assets. Id. at 377. During the pendency of the Chapter 11 proceedings the court approved a sale of substantially all of the debtor's assets. Thereafter, the debtor converted to a chapter 7. Id. at 378.

Following conversion, the debtor's counsel filed a final fee application which included approximately

Page 9 - MEMORANDUM OPINION

$7,820 for services performed after the conversion of the case. The UST objected to those fees. The firm responded, arguing that the fees at issue could be paid from the retainer "consistent with the Supreme Court's statement in Lamie that Section 330(a)(1) does not prevent a debtor from engaging counsel before a chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order." Id. at 379. The bankruptcy court allowed the requested compensation and the UST moved for reconsideration. Id.

The bankruptcy court denied the motion for reconsideration holding that:

> "while Lamie precludes compensation from unencumbered assets for post-conversion services by a debtor's counsel who has not been re-employed by the Chapter 7 trustee, Massachusetts state law provides a **lien** for such counsel to the extent of an undisbursed pre-petition **retainer** and subject to the validity of the underlying claim.
>
> In essence, the bankruptcy judge determined that, even if the **Retainer** became estate property upon the Conversion Date, payment could be made from it on account of its encumbrance by a lien under state law. Apparently bolstering the court's decision was the fact that R & G sought payment for 'required', 'transition' services. The Bankruptcy Court asserted that its conclusion was not inconsistent with **Lamie** because the Supreme Court had not specifically ruled upon whether a pre-conversion **retainer** could be used for payment of post-conversion services, that issue 'never [having been] presented to the Supreme Court.'" Id. at 380 (emphasis in original) (citations omitted).

The United States Trustee appealed the order denying its motion for reconsideration.

On appeal, the District Court held that because the prepetition retainer was property of the estate, the debtor's attorney could not be compensated for postconversion services from that retainer. In doing so it accepted the UST's argument that "the Supreme Court must have intended the exception to apply only to flat fee retainers." Id. at 383. It also accepted the UST's argument that "application of state lien law in such a manner seriously undermines, if not circumvents, federal bankruptcy law and the **Lamie** decision." Id. at 384 (emphasis in original). The Court concluded that "[w]here the Supreme Court has interpreted § 330(a)(1) as preventing payment from the debtor's estate to counsel not appointed under § 327, authorization of such payment on the basis of state law is forbidden by the Supremacy Clause." Id. at 384.

I agree with the reasoning and holding of Morse. The "retainer exception" set forth in Lamie is limited to flat fee retainers and does not extend to retainers intended solely to secure payment of post filing attorney fees. Interpreting state lien law to allow payments that are specifically prohibited by the

Page 10 - MEMORANDUM OPINION

Bankruptcy Code violates the Supremacy Clause. Thus, Lamie overruled the bankruptcy court's holding in Century I which allowed the attorney to assert a lien on property of the estate for post petition services.

The funds in Mr. Ryan's trust account as of the date of filing are property of the bankruptcy estate. Under Lamie those funds cannot be used to pay the Debtor's post filing attorney fees regardless of whether Mr. Ryan holds a security interest in the funds. The funds must, therefore, be turned over to the Chapter 7 trustee for distribution to creditors. Mr. Camacho should prepare an order consistent with this opinion.

###

cc:  Shawn P. Ryan
     Rodolfo A. Camacho
     U.S. Trustee